FILED

2014 Mar-11  AM 10:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| **CEDRIC BURROUGHS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **1:08-CV-1239-VEH** |
| **HONDA MANUFACTURING OF** | ) | **(and Related Cases)** |
| **ALABAMA, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION REGARDING
## ORDER APPROVING SETTLEMENT

On February 7, 2014, the magistrate judge filed his report and recommendation concerning the proposed approval of a compromise settlement reached by the parties in this and 384 related cases assigned to the undersigned district judge (see Attachment "A" hereto), as well as in 202 other cases involving and related to the action in Thsia Briggins v. Elwood TRI, Inc, and Honda Manufacturing of Alabama, LLC, Case Number 1:08-cv-1801-KOB, assigned to a different district judge.[1] Preliminary to the filing of his report and recommendation, the magistrate judge entered orders requiring plaintiffs' counsel to notify the individual plaintiffs of the terms and conditions of the proposed settlement, including the procedures for

---

[1] The Final Order Approving Settlement and Dismissing Action is entered only in this case and the 384 related cases assigned to the undersigned.  It does not purport of resolve the other 202 cases assigned Chief Judge Bowdre.

objecting to the proposed settlement and the back-pay recoveries each plaintiff should expect to receive under the settlement. Notification was mailed to each plaintiff by counsel on or soon after November 12, 2013 (see Doc. 378, p. 5), expressly advising each plaintiff of the right to appear personally and object to the proposed settlement at a fairness hearing scheduled on December 10, 2013. On December 10, 2013, the magistrate judge convened the fairness hearing pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982), but no plaintiffs or persons purporting to speak for any of them appeared at the hearing. No written objections to the proposed settlement have been received by the court.

Following the December 10 fairness hearing, the magistrate judge filed his report and recommendation on February 7, 2014, recommending generally that the proposed settlement be approved by the court, with the exception of two provisions. The magistrate judge recommended that the court reject approval of Paragraph 9 of the proposed settlement agreement (see Attachment "B" hereto), which requires that the agreement and its terms remain confidential. The magistrate judge also recommended that the court reject approval of a portion of Paragraph 10, which would impose on any late-objecting plaintiff the fees and costs incurred by defendants in filing any motion to enforce the settlement agreement against such a plaintiff. The magistrate judge also found that the fees to be awarded plaintiffs' counsel are

reasonable in the circumstances of these cases, and he recommended approval of the fee award.

To date, no party has filed an objection to the report and recommendation. The court has carefully reviewed and considered *de novo* the report and recommendation, as well as the materials submitted by the parties in support of the proposed settlement, and the court finds that the report is due to be and hereby is **ADOPTED** and the recommendations in it **ACCEPTED**. The court agrees that the proposed settlement is a fair and adequate compromise of the genuinely contested claims of overtime pay by the plaintiffs. For the reasons explained by the magistrate judge, the claims of overtime were genuinely disputed both as to entitlement to any overtime compensation and the amounts that might be owed. The parties reached a fair and adequate compromise to resolve disputes over whether any overtime pay was due the plaintiff, whether it is possible to accurately quantify any overtime each plaintiff may claim, and, by extension, whether plaintiffs are entitled to any liquidated damages. The court agrees that the negotiated fees and expenses of plaintiffs' counsel are fair and reasonable and do not reduce the amount each plaintiff is entitled to receive under the settlement.

The court also agrees with the magistrate judge that Paragraph 9 and a part of Paragraph 10 of the proposed settlement agreement should be rejected. The court

agrees with the observation made by Judge Thompson that "[a]bsent some compelling reason, the sealing from public scrutiny of FLSA agreements between employees and employers would thwart the public's independent interest in assuring that employees' wages are fair and thus do not endanger 'the national health and well-being.'" Hogan v. Allstate Beverage Co., Inc., 821 F. Supp. 2d 1274, 1283 (M.D. Ala. 2011) quoting Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 708, 65 S. Ct. 895, 89 L. Ed. 1296 (1945). Confidentiality provisions may not be extracted as a part of the price of compromise, "for they prevent the employee from alerting other workers to potential FLSA violations on pain of personal liability" and by enabling the employer to "'retaliate against an employee for exercising FLSA rights' by advising other employees of FLSA violations." Hogan v. Allstate Beverage Co., Inc., 821 F. Supp. 2d 1274, 1284 (M.D. Ala. 2011).   o uphold such provisions, there must be "compelling reasons," Crabtree v. Volkert, Inc., 2013 WL 593500, *4 (S.D. Ala. Feb. 14, 2013), which simply have not been shown to exist in these cases.

Likewise, that part of Paragraph 10 that allows the defendants to seek their fees and expenses incurred in connection with any motion to enforce the settlement against any plaintiff that balks at fulfilling it unduly undermines the voluntariness of the compromise achieved and extracts a price for recognition of the plaintiffs' FLSA rights, particularly as to those plaintiffs who can establish that they were unaware of

the proposed settlement. As to plaintiffs who are unaware of the proposed settlement or otherwise were prevented from expressing opposition, imposing fees and costs on them to oppose the settlement later when they learn of it violates their due process rights. Thus, the court will reject that part of Paragraph 10 allowing defendants to seek fees and expenses for enforcement motions as to those plaintiffs who can establish they were unaware of the settlement or otherwise prevented from stating their objections to it until after this date.

Further, the court expressly finds that the proposed attorneys' fees and expenses due to plaintiffs' counsel under the proposed settlement agreement, as set out in the magistrate judge's report and recommendation, are fair and reasonable, taking into account the "lodestar" method of calculating fees and the factors enumerated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). The fees and expenses determined by the magistrate judge in the report and recommendation are hereby **ADOPTED** as the court's own fee/expense award. In the separate Final Order Approving Settlement, the court will award to plaintiffs' counsel the fees, costs, and expenses consistent with the settlement agree, as set out in the magistrate judge's report and recommendation. By separate Final Order Approving Settlement and Dismissing Action, the court will approve the proposed settlement agreement, except with respect to Paragraph 9 and that portion of Paragraph 10 that would allow

defendants to seek fees and expenses for any motion to enforce the settlement with respect to any plaintiff able to show that he did not know about or have a reasonable opportunity to object to the settlement prior to this date.[2] The parties may proceed with execution of the settlement agreement, and the court will dismiss with prejudice all actions listed in Attachment "A."

     **DATED** this 10th day of March, 2014.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[2]To be clear, all portions of Paragraph 10 remain valid and effective as to those plaintiffs who learned or knew of the proposed settlement and had a reasonable opportunity to object to it prior to the date of this approval of the settlement.